IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03103-PAB

ANDREW HEDRICK, individually,
ELINA TAYLOR, individually,
KAYLA THOMPSON, individually,
JULIE HEDRICK, individually and as Legal Guardian of K.W., a minor, and
HENRY TAYLOR, as natural parent and next friend of B.T., a minor,

      Plaintiffs,

v.

BRADLEY BARNETTE and
GEICO CASUALTY COMPANY,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the complaint [Docket No. 1].

Plaintiffs claim that the Court has subject matter jurisdiction over this lawsuit pursuant to

28 U.S.C. § 1332(a).  Docket No. 1 at 2, ¶ 4.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289,

1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not

proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d

1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on

their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to

do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties

fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Id.*  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiffs invoke 28 U.S.C. § 1332(a) as the basis for this Court's diversity jurisdiction.  Docket No. 1 at 2, ¶ 4. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."  The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiffs and defendant Bradley Barnette.

The complaint states that plaintiffs were "natural persons residing in Oklahoma" and that Mr. Barnette was a "natural person residing in Colorado."  Docket No. 1 at 1, ¶¶ 1-2.  However, domicile, not residency, is determinative of citizenship.  *See Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, at *3 (10th Cir. Mar. 28, 1997)

(unpublished).  Further, while plaintiffs make their residency allegations in a generic past tense, citizenship is determined at the time the action is filed.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).  The information provided by plaintiff is insufficient because it does not allow the Court to independently assess the alleged jurisdictional basis.  *See Pinkard Constr. Co.*, 2009 WL 2338116, at *3; *Affordable Cmty. of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on March 6, 2018**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 26, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge